IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK JOHNSON, : CIVIL NO. 3:CV-12-2101
:
         Petitioner :
: (Judge Munley)
   v. :
:
UNITED STATES DEPARTMENT :
OF JUSTICE, et al., :
:
         Respondents :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Derrick Johnson (Johnson or petitioner), a federal inmate incarcerated at the United States Penitentiary at Canaan, Waymart, Pennsylvania. Johnson seeks to "vacate . . . his 2007 conviction as being a complete violation of the United States Constitution and of established Federal Law . . ." (Doc. 1, at 1.) Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

I.   **Background**

"On November 7, 2007, a jury found Petitioner guilty of one count of bank robbery, in violation of 18 U.S.C. § 2113(a). On April 17, 2008, Petitioner was sentenced to 115 months' imprisonment and a three-year term of supervised release. On May 8, 2008,

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b)

Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. Petitioner's § 2255 motion was summarily dismissed without prejudice on July 9, 2008 because his direct appeal was pending. On January 5, 2009, Petitioner dismissed his direct appeal." Johnson v. U.S., Nos. 3:09-CV-597-B (BF), 3:07-CR-257-B, 2010 WL 3938391*1 (N.D.Tex. Sept. 20, 2010). On March 31, 2009, he filed a timely § 2255 motion in the United States District Court for the Northern District of Texas, raising the following issues: "(1) the government knowingly introduced false testimony from witnesses to secure an illegal conviction; (2) the government utilized deceit and misleading statements beginning at trial and through sentencing; (3) the government made multiple testimonial references during trial related to a witness and situation that did not exist; (4) Petitioner requested, but was denied counsel during a lengthy interrogation; (5) Petitioner was repeatedly lied to by Dallas Police Officers; (6) the government utilized statements in violation of the 5th Amendment; (7) the police used verbal threats of physical action to force illegal identification procedures after rights were attached; (8) Petitioner was subject to violations of Brady and the Rules of Evidence; and (9) the government violated Petitioner's right to due process when it utilized Petitioner's testimony out of context, intentionally misleading the Court into allowing previously 'out of bounds' questioning and then proceeding to imply and fabricate information to the jury about Petitioner that was known at the time to be completely untrue." Id. The § 2255 motion was denied on October 6, 2010. Johnson v U.S., Nos. 3:09-CV-597-B (BF), 3:07-CR-257-B, 2010 WL 3938392 *1 (N.D. Tex. Oct. 6, 2010).

The instant petition was filed on October 22, 2012. (Doc. 1.) Petitioner is essentially

rearguing the very issues the district court and court of appeals addressed in the § 2255 proceedings and found to be without merit. (Doc. 1, at 1.)

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A).

Such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. Petitioner's has filed a motion pursuant to § 2255 motion which was denied. He fails to demonstrate that the § 2255 remedy is inadequate or ineffective to test the legality of his

conviction and sentence.

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971). Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: October 31, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK JOHNSON, | : | CIVIL NO. 3:CV-12-2101 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| UNITED STATES DEPARTMENT OF JUSTICE, et al., | : | |
| Respondents | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this 30 October 2012, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to proceed in forma pauperis (Doc. 2) is GRANTED for the sole purpose of the filing of this action.

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

3. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

_/s/ James M. Munley_
JUDGE JAMES M. MUNLEY
United States District Court